IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TODD LANCASTER,
    Plaintiff         :
                           :    No. 1:23-cv-00874
    v.              :
                           :    (Judge Rambo)
LACKAWANNA COUNTY, :
    Defendant    :

## MEMORANDUM

Pro se Plaintiff Todd Lancaster ("Plaintiff"), a convicted and sentenced state prisoner, is currently incarcerated at Lackawanna County Prison in Scranton, Pennsylvania. (Doc. No. 1.) He commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983") against Defendant Lackawanna County ("Defendant"). (Id.) In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of the complaint. For the reasons set forth below, the Court will dismiss the complaint, but without prejudice to Plaintiff filing an amended complaint.

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

I.   **BACKGROUND**

On May 26, 2023, Plaintiff filed his Section 1983 complaint against Defendant (Doc. No. 1), as well as a motion for leave to proceed in forma pauperis (Doc. No. 2), and his prisoner trust fund account statement (Doc. No. 3). The Court, having reviewed Plaintiff's motion and trust fund account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In his complaint, Plaintiff asserts that the events giving rising to his claims occurred in Scranton, Pennsylvania on March 5, 2023. (Doc. No. 1 at 4.) In support of this assertion, he has set forth a number of allegations. Those allegations, at times, are difficult to read and understand. Nevertheless, the Court has done its best to recount them here.

Plaintiff alleges that the "Scranton City Police Dept., Lackawanna County Prison, Probation, and Public Defenders Office all conspired to commit civil conspiracy . . . to deprive [him of his] constitutional rights." (Id.) Plaintiff claims that, on March 5, 2023, he "contacted all entities through administration, grievances[,] and mail using certified service that was not serviced properly." (Id.) Plaintiff further claims that "Keving Gaughlan P.O[.] Lackawanna County Probation Office and Clerk of Courts Maury Kelly, P.D.S. Doug Vanston, Judy Kalinwski, Den Lipson, and Donna Pauita L.C.P. Record Dept[.] and Administration, and CO.s all conspired against [him] for trying to get a writ of habeas corpus" and violated the

"Double Jeopardy Clause[.]" (Id.) Plaintiff further claims that "the County . . . altered . . . paperwork regrading Double Jeopardy Clause (Iron clad case)." (Id. at 5.)

In addition, Plaintiff alleges that the Scranton Police are investigating his twin brother's overdose. (Id. at 4.) Plaintiff explains that, at that time, "he was also on Lackawanna County Prob. [and] was a confidential inform[ant] for the County and the City." (Id.) In connection with these specific allegations, Plaintiff asserts that "[t]hey have been hindering [his] civil rights, using probation violators[,] mainly a 'Jessica Peoples[,]'" and that they have "terrorized" him and "created a major conflict of interest [by] not telling [him] he was a C.I." (Id. (claiming that he could have been "killed" or "beat").) Plaintiff also claims that "[t]hey" conducted an unreasonable search and seizure through the C.I. (Id. at 5.)

Additionally, Plaintiff alleges that "prison guards routinely put [him] in the hole . . . for seeking Govt. redress[,]" and that he was retaliated against "numerous times" for requesting lawsuits and habeas corpus petitions. (Id.) Plaintiff also alleges that he was "intimidated, stripped, and recorded on video." (Id.)

In connection with these various allegations, Plaintiff contends that he has suffered "[s]evere psychological damage from numerous false arrests due to Double Jeopardy Deprivation of Rights[,] depression[,] anxiety from being in hole[,] false

3

imprisonment[,] and false arrest." (Id.) He asserts a Monell claim for "failure to train all[,]" and he seeks monetary damages. (Id.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in

4

the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Monell Liability

Plaintiff has filed his complaint pursuant to the provisions of Section 1983, asserting violations of his constitutional rights. (Doc. No. 1.) Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."

5

See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

Local governmental entities "can be sued directly under [Section] 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers" or where a "constitutional deprivation[ ]" was caused by a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels."  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690–91 (1978).  In other words, a local governmental entity is only "liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom."  See Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 237 (3d Cir. 2013) (citations omitted).

As such, "the [local governmental entity] may not be held liable for constitutional torts under [Section] 1983 on a vicarious liability theory rooted in respondeat superior, . . . but it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom."  See id. (citation and

6

internal citation and quotation marks omitted); see also Monell, 436 U.S. at 694 (concluding "that a local government may not be sued under [Section] 1983 for an injury inflicted solely by its employees or agents[,]" and "[i]nstead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983").

As explained by the United States Court of Appeals for the Third Circuit, "[n]ot all state action rises to the level of a custom or policy." See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003). A policy is created "'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.'" See id. (quoting Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)). And "[a] custom is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'" See id. (quoting Bd. of Cnty. Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

Here, the Court finds that Plaintiff's complaint fails to allege any facts upon which the Court could reasonably infer that a policy or custom resulted in a violation of his constitutional rights. See Monell, 436 U.S. at 690–91; Mulholland, 706 F.3d at 237. Additionally, while the Court has liberally construed Plaintiff's complaint based upon his status as a pro se litigant, it is unclear what constitutional rights

7

Defendant has, allegedly, violated. See Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 8(d)(1) (explaining that "[e]ach allegation must be simple, concise, and direct"). Thus, for these reasons, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

### B.  Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment

would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend his complaint against Defendant would be futile.  As a result, Plaintiff will be granted leave to file an amended complaint.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

### IV.  CONCLUSION

To conclude, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  The Court will grant Plaintiff leave to file an amended complaint.  An appropriate Order follows.

Dated: July 24, 2023                                s/ Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge